IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS BOLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CREDIT MANAGEMENT | ) |
| SOLUTIONS, LLC, | ) |
| | )   JURY TRIAL DEMANDED |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, NICHOLAS BOLES, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, CREDIT MANAGEMENT SOLUTIONS, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. NICHOLAS BOLES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Louis, County of St. Louis, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC Bank (hereinafter "HSBC.")

1

6. The debt that Plaintiff allegedly owed HSBC was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CREDIT MANAGEMENT SOLUTIONS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is registered as a limited liability company in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around March 2011 through April 2011, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff's grandmother's residence in an attempt to collect a debt allegedly owed by Plaintiff.

15. During the aforesaid time period, in Defendant's telephone conversations with Plaintiff's grandmother, Defendant's duly authorized representatives did not inform Plaintiff's grandmother that they were calling to confirm or correct location information for Plaintiff.

16. In or around March 2011 through April 2011, and on multiple occasions therein, Plaintiff's grandmother informed Defendant that Plaintiff did not reside with her.

17. In or around March 2011 through April 2011, and on multiple occasions therein, Plaintiff's grandmother informed Defendant to stop contacting her in an attempt to reach Plaintiff.

18. In or around March 2011 through April 2011, Defendant had no reason to believe that the aforesaid location information provided by Plaintiff's grandmother was incomplete or erroneous.

19. In or around March 2011 through April 2011, Defendant had no reason to believe that Plaintiff's grandmother had more complete information as to Plaintiff's location.

20. In or around March 2011 through April 2011, and on multiple occasions therein, despite Plaintiff's grandmother having requested that Defendant cease contacting her, Defendant continued to initiate telephone calls to Plaintiff's grandmother in a further attempt to collect the debt Plaintiff allegedly owed.

21. In or around March 2011 through April 2011, and on multiple occasions therein, despite having no authorization from Plaintiff to contact third parties, Defendant continued to

initiate telephone calls to Plaintiff's grandmother in a further attempt to collect the debt Plaintiff allegedly owed.

22. On multiple occasions during the aforesaid time period, Defendant's duly authorized representatives informed Plaintiff's grandmother that Plaintiff owed a debt.

23. On multiple occasions during the aforesaid time period, Defendant's duly authorized representatives informed Plaintiff's grandmother that Plaintiff had committed a crime of "theft by deception."

24. On multiple occasions during the aforesaid time period, Defendant's duly authorized representatives informed Plaintiff's grandmother that Plaintiff was going to be sent to court.

25. Plaintiff's grandmother informed Plaintiff of the contents of the aforesaid telephone conversations.

26. Plaintiff did not consent to Defendant communicating with third-parties.

27. In or around April 2011, Defendant initiated a telephone call to Plaintiff's grandmother's residence and engaged in a telephone conversation with Plaintiff's grandmother.

28. During the course of the aforementioned telephone call, Plaintiff's grandmother reiterated to Defendant to stop contacting her in an attempt to reach Plaintiff.

29. Plaintiff's grandmother then disconnected the aforesaid telephone call with Defendant.

30. Immediately thereafter, Defendant initiated a telephone call to Plaintiff's grandmother and left Plaintiff's grandmother a voicemail message.

31. During the course of the aforesaid voicemail message Defendant stated "now this is going to make the matter worse for [Plaintiff]."

32. Defendant further stated "there is going to be a Summons out for [Plaintiff] from the St. Louis County Clerk's Office."

33. Defendant then stated "obviously you are not trying to help [Plaintiff]. This is fine and dandy, which is making matters worse for [Plaintiff] in regards to the information against him for theft by deception."

34. Defendant then stated "I need you to have [Plaintiff] contact our office."

35. Defendant then stated that a "summons would be issued if [Plaintiff] does not resolve this matter voluntarily."

36. At no time during the course of the aforesaid voicemail message did Defendant state that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

37. Plaintiff's grandmother informed Plaintiff of the contents of the aforesaid voicemail message.

38. In or around March 2011, Defendant initiated a telephone call to Plaintiff's grandmother's house.

39. At the time Defendant initiated the aforementioned telephone call, Plaintiff's Aunt was at Plaintiff's grandmother's house and Plaintiff's Aunt answered the aforementioned telephone call.

40. During the course of the aforementioned telephone conversation between Plaintiff's Aunt and Defendant, Defendant stated that it was calling for Plaintiff.

41. Defendant then stated that it was calling for Plaintiff because Plaintiff had a delinquent credit card account from 2008.

42. Defendant then stated that it would be filing a lawsuit against Plaintiff.

43. Defendant further stated that it would be filing a lawsuit against Plaintiff for engaging in "theft by deception."

44. Plaintiff's Aunt informed Plaintiff of the contents of the aforesaid voicemail message.

45. Defendant's representations, as delineated above, that Plaintiff had engaged in "theft by deception" had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which it was attempting to collect.

46. Plaintiff had not engaged in criminal conduct with respect to the debt on which it was attempting to collect.

47. Defendant's representations that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

48. Defendant's representations that Plaintiff had engaged in "theft by deception" were statements made by Defendant to third-parties in an attempt to disgrace Plaintiff.

49. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

50. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed HSBC.

51. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

52. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

53. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did contact Defendant to pay the debt he allegedly owed then Defendant would file a lawsuit against Plaintiff.

54. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

55. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

56. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

57. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

58. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

59. In its attempts to collect the debt allegedly owed by Plaintiff to HSBC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that

d. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

e. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

f. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

g. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

i. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

k. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

m. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

n. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

60. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

61. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NICHOLAS BOLES, by and through his attorneys, respectfully prays for judgment as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages of $1,000.00;

    c.     Plaintiff's attorneys' fees and costs; and,

    d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**NICHOLAS BOLES**

By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: June 2, 2011

David M. Marco (Atty. No.: 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:        dmarco@smithlaw.us